```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                              )
WEBPRO, INC.,                 )
                              )
          Plaintiff,          )         COMPLAINT
                              )
     - against -              )
                              )
JILL SCHNEIDER PETROU and     )         07 Civ. 4699 (LMM)
ARTHUR PETROU,                )
                              )
          Defendants.         )         JURY TRIAL DEMANDED
_____)
```

Plaintiff, Webpro, Inc. ("Webpro"), by and through its counsel, Roger J. Bernstein, as and for its complaint against defendants Jill Schneider Petrou and Arthur Petrou, alleges as follows:

**Nature of the Case**

1. This case is an action under the provisions of the New York Debtor and Creditor Law and under New York common law to set aside a fraudulent transfer to defendant Jill Schneider Petrou and to impose a constructive trust.

2. After a judgment for $180,552.11 was obtained against defendant Arthur Petrou, he transferred his shares in 112 East 83rd Street Tenants Corp., a cooperative apartment corporation owning a residential apartment building at 112 East 83rd Street, New York, New York, to his wife, defendant Jill Schneider Petrou, without consideration or with inadequate

consideration in order to defraud his creditors, including plaintiff Webpro, and to hinder Webro's efforts to obtain satisfaction of this judgment.

3. Defendant Arthur Petrou is a Harvard Business School graduate whose stated occupation is investment banker. He now claims that he has no assets, no property and no income, and has testified that his sole asset was the co-operative apartment corporation shares that he transferred to his wife on an undisclosed date after legal proceedings against him began. Because this transfer is fraudulent as to defendant Arthur Petrou's creditors, plaintiff has sued transferor and transferee (defendant Jill Schneider Petrou) in this action.

### Jurisdiction and Venue

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Illinois and defendants are residents and citizens of the State of New York. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this district since the defendants reside here.

### Parties

6. Plaintiff, Webpro, Inc. ("Webpro") is a

corporation organized and existing pursuant to the laws of the State of Illinois and is engaged in the business of buying and selling used printing presses and related equipment.

7. Defendants Arthur Petrou and Jill Schneider Petrou are individuals residing at 112 East 83rd Street, Apt. 4A, New York, New York, a "co-operative" residential apartment building.

**Facts**

8. On July 30, 2001, plaintiff Webpro filed an action against Arthur Petrou in the Circuit Court of Kane County, Illinois for money damages arising from an unpaid finder's fee owed to Webpro under a written agreement.

9. On December 17, 2001, the Circuit Court of Kane County entered judgment against Arthur Petrou and in favor of Webpro for $180,552.11. A copy of this judgment is annexed hereto as Exhibit A.

10. In 2002 Webpro filed suit in the Supreme Court, State and County of New York, to enforce the foreign judgment from Kane County, Illinois.  The case was removed to this Court on May 6, 2002 and assigned Case Number 02-CV-03465 (hereinafter referred to as the "prior SDNY case").

11. Webpro moved for summary judgment in this Court based on the Illinois judgment, and this Court directed that the

Clerk of this Court enter judgment in favor of Webpro.

12. On February 25, 2004, the Clerk entered judgment in favor of Plaintiff and against defendant Arthur Petrou in the amount of $216,167.87 (the increase being due to interest accrued but unpaid through that date). A copy of this judgment (hereinafter the "SDNY judgment") is annexed hereto as Exhibit B.

13. Defendant Arthur Petrou has paid nothing on the SDNY judgment or the Illinois judgment. Interest continues to accrue on the SDNY judgment at the rate of 9% per annum. As of May 25, 2007, the amount due on the SDNY judgment with interest will be $281,018.23.

14. In deposition testimony taken on April 2, 2007 as part of collection efforts in the prior SDNY case, defendant Arthur Petrou admitted the transfer of his shares in 112 East 83rd Street Tenants Corp. to his wife (hereinafter said shares are referred to as the "Arthur Petrou co-op shares"). Arthur Petrou claimed to be unable to remember the date of the transfer. He testified that no consideration was delivered to him at the time of the transfer but averred that the loss of family monies in his business endeavors somehow constituted consideration.

15. Defendant Arthur Petrou's latest effort to defraud Webpro is part of a pattern of fraudulent conduct that has gone on

for many years starting when the underlying transaction occurred in 1998. Specifically:

    a.    In 1998, Webro entered into a written contract which defendant Arthur Petrou signed purportedly for an entity called International Lithographing, Inc., which agreed to pay Webpro a finder's fee of $150,000 upon the sale of certain printing equipment.

    b.    Webpro believed that it was dealing with International Lithographing and it filed suit against International Lithographing Inc. on January 3, 2000 in Kane County, Illinois when it did not receive the agreed upon $150,000.

    c.    Webpro successfully moved for judgment on the pleadings in the Illinois case and registered the judgment in Pennsylvania and sought to enforce it.

    d.    After it defended the Illinois action for many months, International Lithographing Inc. disclosed for the first time in Pennsylvania in July, 2001, that it no longer existed and had never existed when Arthur Petrou caused it to defend the Illinois action.

    e.    The actions of International Lithographing Inc. in appearing and defending a case in the Illinois Court for over a year when it did not exist were a fraud upon the Illinois Court.

    f.    In a Pennsylvania courtroom, Arthur Petrou denied that he had ever held himself out as the President and Chief Executive Officer of International Lithographing and then recanted his testimony when shown his business card.

    g.    Ultimately, it was learned that the $150,000 finders fee was paid to one of Petrou's companies by a competing broker of Webpro who acknowledged that Webpro had earned the fee and had a right to receive it. Instead of paying this money to Webpro, Arthur Petrou's company kept the money for itself.

    h.    Based upon these facts, the Illinois Kane County court entered a personal default judgment against

...

>Arthur Petrou for $180,552.11.  He had been served and chose not to defend the action.  The judgment was affirmed by the Illinois Appellate Court on October 7, 2004.

### Fraudulent Conveyance

16. At the time that the Illinois litigation was begun, defendants Arthur Petrou and Jill Schneider Petrou were co-owners of 100% of the shares of 112 East 83rd Street Tenants Corp. allocated to Apartment 4A therein.  It is a two-bedroom, two-bath unit in a building just off Park Avenue.  (Equivalent apartments are currently sold at prices well in excess of $1,000,000.)

17. According to public records of the New York City Department of Finance, defendant Arthur Petrou owned the co-op shares for Apartment 4A at 112 East 83rd Street with his wife Jill Schneider Petrou through at least December 18, 2001, a date on which a UCC-1 filing was made by Dime Savings Bank that showed both Arthur and Jill Petrou as debtors and a date which came after the filing of and judgment in the Illinois Kane County action against Arthur Petrou personally.

18. In a deposition taken on April 2, 2007, defendant Arthur Petrou testified that he has conveyed the Arthur Petrou co-op shares to his wife, but he was entirely unable to recall the date or even the time frame of the transfer.  He was also unable to produce any documents showing that he received any consideration

for the transfer of his co-op shares.  Plaintiff is informed and believes that defendant Arthur Petrou received no consideration (or inadequate consideration) for the conveyance of his shares to his wife.  Defendant Arthur Petrou testified that he has no funds left after this transfer.

19.  Further, defendant Arthur Petrou continues to retain possession and control of the co-op after the transfer.  He lives in the co-op as he did prior to transfer of his shares to his wife.  Thus he has continued to enjoy without interruption the possession, use and benefit of the transferred property.

20.  The conveyance of the Arthur Petrou co-op shares to Jill Schneider Petrou was made with the actual intent to hinder and defraud Webpro in its ongoing efforts to collect on the amounts due to it from defendant Arthur Petrou and in its efforts to collect on the judgments that it has obtained against defendant Arthur Petrou.

21.  At the time the conveyance of the Arthur Petrou co-op shares to Jill Schneider Petrou was made, defendant Arthur Petrou was well aware that Webpro was seeking to collect monies from him.  The conveyance is the latest in a series of acts by Petrou to hinder collection of the debt.  Defendant Arthur Petrou has been trying for many years to avoid payment of his valid personal debt to plaintiff.

**Count One — Fraudulent Conveyance**
**Section 273-a of N.Y. Debtor and Creditor Law**

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 above as though fully set forth herein.

23. Section 273-a of the New York Debtor and Creditor Law provides that: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

24. Defendant Arthur Petrou's conveyance of the Arthur Petrou co-op shares to Jill Schneider Petrou was made without any consideration and was made while defendant Arthur Petrou was a defendant in the Illinois Kane County case against him seeking money damages or at a time when a judgment in the said Illinois action was already docketed against him. It is not disputed that Defendant Arthur Petrou has failed to satisfy the judgment. Accordingly, even without reference to his actual intent, all of the elements of a cause of action under Section 273-a based on a fraudulent transfer have been established and the conveyance of the Arthur Petrou co-op shares to defendant Jill Schneider Petrou must

therefore be set aside as fraudulent.

### Count Two – Fraudulent Conveyance
### Section 273 of N.Y. Debtor and Creditor Law

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 above as though fully set forth herein.

26. Section 273-a of the New York Debtor and Creditor Law provides that: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."  Defendant Arthur Petrou transferred the Arthur Petrou co-op shares to Jill Schneider Petrou without fair consideration and the conveyance of same must therefore be set aside as fraudulent.  In addition, the transfer of the Arthur Petrou shares to Jill Schneider Petrou is fraudulent as to creditors because it was made without fair consideration when Arthur Petrou was engaged in a business and transaction for which the property remaining in his hands after the transfer was an unreasonably small capital.

### Count Three – Fraudulent Conveyance
### Section 276 of N.Y. Debtor and Creditor Law

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 above as though fully set forth herein.

28. Section 276 of the New York Debtor and Creditor Law provides that "(e)very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

29. The conveyance of the Arthur Petrou co-op shares by defendant Arthur Petrou to his wife, defendant Jill Schneider Petrou, was made with actual intent to hinder, delay, or defraud Plaintiff Webpro, Inc., a creditor of defendant Arthur Petrou.

30. The conveyance made of Arthur Petrou's shares in 112 East 83rd Street Tenants Corp. to his wife should be set aside and the transaction nullified. A sufficient amount of shares in the co-op should then be pledged to Plaintiff to secure and satisfy its Judgment.

31. Section 276(a) of the New York Debtor and Creditor Law provides that Plaintiff is entitled to recovery its attorney's fees in setting aside this fraudulent conveyance.

### Count Four - Constructive Trust

32. Plaintiff repeats and re-alleges paragraphs 1 through 31 as though fully set forth herein.

33. A constructive trust should be placed on the co-op shares that were transferred from defendant Arthur Petrou to his

wife defendant Jill Schneider Petrou.

34. Jill Schneider Petrou is acting as the nominee or *alter ego* of defendant Arthur Petrou in holding these shares. Inadequate consideration was paid for the shares, the shares were placed in the name of Jill Schneider Petrou in anticipation of Webpro's lawsuits and judgments while Arthur Petrou retains possession and control of the property, there is a close relationship between transferor and transferee, and transferor Arthur Petrou continues to enjoy the benefits of the transferred property.

WHEREFORE, Plaintiff prays that the conveyance to defendant Jill Schneider Petrou of the Arthur Petrou co-op shares for Unit 4A, 112 East 83rd Street, New York, New York be set aside as a fraudulent conveyance and that judgment be entered requiring Jill Schneider Petrou to transfer the Arthur Petrou co-op shares to Webpro to secure and satisfy its Judgment, that a constructive trust be imposed on the shares 112 East 83rd Street Tenants Corp. that were conveyed by Arthur Petrou to Jill Schneider Petrou for the benefit of Plaintiff Webpro Inc., and that Plaintiff be awarded its statutory costs and disbursements and its attorneys fees

together with such further and other relief as the Court deems just and proper in the premises.

Dated:    New York, New York
          May 29, 2007

Respectfully submitted,

_____

Roger J. Bernstein (RB 9501)
331 Madison Avenue, 15th Floor
New York, New York 10017
Tel: (212) 338-9188

Howard B. Prossnitz (HP 3607)[1]
Law Offices of Howard B. Prossnitz
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
Tel: (312) 960-1800

*Attorneys for Plaintiff*

---

[1] Admitted *pro hac vice* in Case Number 02-CV-03465.