*so ordered*

## SETTLEMENT AGREEMENT

*07 Civ. 4699 (LMM)(AJP)*

This Settlement Agreement and Release ("Agreement") is entered into as of this 17th day of October 2007, among Plaintiff Webpro, Inc., and Defendants Arthur Petrou and Jill Schneider Petrou.

Plaintiff and Defendants desire to enter into this Agreement in order to achieve a full settlement and discharge of all claims which have been, or might have been, or could be asserted in the future, against Defendants with respect to all claims which are or might have been asserted in the Lawsuit (as defined below), upon the terms and conditions set forth below.

The parties agree as follows, without any admission of liability by defendants and without any admission by Plaintiff that its allegations lack merit, in order to avoid the expense and time of further litigation:

## DEFINITIONS

The following terms are used in this Agreement and are defined as follows:

    a.    **Plaintiff.** "Plaintiff" shall mean and refer to Webpro, Inc., together with its employees, officers, registered representatives, principals, directors, assigns, affiliates, successors-in-interest, attorneys and agents.

    b.    **AP and JP.** "AP" shall mean defendant Arthur Petrou and his assigns, trustees, beneficiaries, heirs, legatees, successors-in-interest, attorneys and agents. "JP" shall mean defendant Jill Schneider Petrou and her assigns, trustees, beneficiaries, heirs, legatees, successors-in-interest, attorneys and agents.

    c.    **Defendants**. Defendants shall mean AP and JP.

    d.    **Lawsuit.** The term "Lawsuit" shall mean and refer to the case styled "Webpro Inc. v. Jill Schneider Petrou and Arthur Petrou" filed in the United States District Court for the Southern District of New York as Case No. 07 Civ. 4699 (LMM)(AJP). There are no other pending cases. Webpro Inc. v. Petrou (Case 01 L 351) went to judgment in the Circuit Court of Kane County, Illinois, and was affirmed by the Appellate Court of Illinois, Second District (No. 2-02-0802). Webpro Inc. v. Petrou (Case 02 Civ. 3465 (LMM) went to judgment in the United Stated District Court for the Southern District of New York.

    e.    **"Property"** shall mean the co-op known as Unit 4A, 112 East 83rd Street, New York, New York 10028, Defendant Jill Petrou's share certificate(s) evincing ownership thereof and the accompanying proprietary lease for occupancy of the unit.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/07

## 1.0    PAYMENT and DISMISSAL OF LAWSUIT

Plaintiff has agreed to accept, and Defendant JP has agreed to pay, a lump sum settlement of Two Hundred and Five Thousand Dollars ($205,000.00) (the "Settlement Amount") to be made in the form of a wire transfer to the Law Offices of Howard Prossnitz Client Funds Account at JP Morgan Chase Bank with account number and wire transfer instructions to be supplied by separate letter. The payment shall be made from the funds received at the closing of the sale of the Property and the funds shall be wired as soon as possible after the closing but in no event more than one business day thereafter, or from any other source prior to the closing of the sale of the Property. Upon execution of this Agreement, the Lawsuit shall be dismissed without prejudice with the Court retaining jurisdiction to enforce the terms and obligations of this Settlement Agreement. Upon receipt by Plaintiff's counsel of the wire transfer for $205,000, each of the Defendants shall exchange Mutual General Releases with the Plaintiff, which shall be in the forms attached hereto as Exhibit B. The Releases shall be executed simultaneously with this Agreement and then held in escrow. The Release executed by Plaintiff shall be held in escrow by Plaintiff's counsel, and the Releases executed by AP and JP shall be held in escrow by each Defendant's respective counsel until the settlement consideration is paid and received. Upon payment of the Settlement Amount, the Lawsuit shall be finally dismissed with prejudice by the filing of the Stipulation of Discontinuance attached hereto as Exhibit C.

## 2.0    DEFENDANTS' UNDERTAKINGS, ESCROW PROVISIONS

2.1   Defendants agree to list the Property for sale with a licensed real estate broker within 30 days of execution of this Agreement. The listing price ("Listing Price") shall be as set forth in a separate agreement between the parties hereto (the "Listing Price Agreement") which shall be deemed an enforceable part of this Agreement. If (i) the Property is not sold (that is, if a contract is not executed) within 365 days from the date hereof, or (ii) a contract of sale is signed within 365 days but a closing does not occur on the contract within 420 days from the date hereof, Plaintiff may proceed as provided in paragraph 2.3 below.

2.2   As security for the obligations hereunder, concurrently with the execution of this Agreement, Defendants shall deliver to Holland & Knight LLP (as "Escrowee"), a stock power with respect to the 835 shares of the cooperative corporation (the "Shares") and an assignment of the proprietary lease for Unit 4 A at 123 East 83rd Street, New York, New York (the "Lease"), both executed in blank by Defendants in the forms attached as Exhibits G and H and a limited power of attorney (the "POA") executed by Defendants in the form annexed as Exhibit D to Howard B. Prossnitz ("HBP") authorizing him to sell the Shares and Lease (collectively the "Escrow Documents"). The Escrow Documents shall be held by Escrowee in accordance with the terms of this Agreement and released to HBP if Defendants fail to sell the Property within the time limits set forth in section 2.3 below unless the Property is sooner sold and $205,000 is sooner paid to Plaintiff, or $205,000 is sooner paid to Plaintiff. Escrowee shall return the documents to Defendant JP if the Settlement Amount is paid prior to the requirement to release the documents to HBP.

2.3   If a contract of sale is not executed within 365 days or, if a contract is so executed but there is no closing of the sale of the Property within 420 days (a "Prior Sale") and the

2

$205,000 is not otherwise paid to Plaintiff, then Escrowee shall deliver the Stock Power, the assignment of Lease and the POA to HBP and HBP may proceed to sell the Shares and the Lease, subject to the existing debt secured by the co-op shares. HBP agrees to use his best efforts to sell the Property on commercially reasonable terms and to deliver the sale proceeds in excess of the sum of the balances due Dime Savings Bank and JPMorgan Chase under the existing loans and $205,000 to Defendants by good certified or official bank check payable to the order of Defendants at the closing of the sale. Plaintiff agrees to furnish a copy of any contract of sale to Defendants not less than 3 business days prior to execution by Seller and to keep Defendants informed of the date, time and place of closing. The parties agree to cooperate in good faith to expedite closing in accordance with the terms of this agreement.

2.4   Defendant JP waives service of process upon her personally and appoints Sandra Mayerson, Esq., c/o Holland and Knight LLP, 195 Broadway, 24th Floor, New York, New York 10007, as her agent for receipt of process. Defendant AP waives service of process upon him personally and appoints Martha Brosius, Esq., c/o Brosius Trask LLP, 420 Lexington Avenue, Suite 2800, New York, NY 10170, as his agent for receipt of process. Plaintiff waives service of process and appoints Roger Bernstein, Esq., 233 Broadway, Suite 2701, New York, NY 10279, as its agent for receipt of process.

2.5   As collateral for payment, Defendant JP agrees to confess Judgment in the amount of $205,000 against her and Defendant JP hereby grants Plaintiff a security interest in the Shares and the Lease subordinate only to the first security interest of Dime Savings Bank in the principal amount of $275,000 and the second security interest for a home equity line of credit in the maximum principal amount of $200,000 of JPMorgan Chase. The maximum principal indebtedness of the first and second mortgages shall not be increased by Defendants without the prior written consent of Plaintiff, nor shall Defendants take any action to further encumber the Property without the prior written consent of Plaintiff.

2.6.   Defendants agree that Plaintiff may perfect the security interest by filing a UCC-1 financing statement with the Office of the City Register, County of New York and/or by filing a copy of this Settlement Agreement. Defendants agree that Plaintiff may file a UCC-1 Financing Statement in the form attached as Exhibit E to provide public notice of Plaintiff's security interest in the Property. Upon filing a UCC-1 Financing Statement, Plaintiff shall deliver to Escrowee a UCC-3 Termination Statement terminating such UCC-1 and Escrowee shall hold such UCC-3 in Escrow and shall release it to Defendants in the event of a Prior Sale or to HBP concurrently with the delivery of the Escrow Documents if there is no Prior Sale, to facilitate, in either event, the sale of the Property. The UCC-3 shall be in the form attached hereto as Exhibit F.

2.7   Defendants agree not to assign, transfer or sell any interest in the Shares or the Lease without simultaneously satisfying the lien of Plaintiff unless such interest is expressly subordinated to Plaintiff's lien and such assignee, transferee or purchaser agrees in writing to be bound by the terms hereof for the benefit of Plaintiff.

2.8 (a)   Defendant Jill Petrou's attorneys, Holland & Knight LLP ("Escrowee"), shall hold the Escrow Documents in accordance with the terms of this Agreement until delivery to the

party entitled thereto as provided herein. At Closing of the sale of the Property pursuant to a contract executed on or before the first anniversary of the date hereof, The Escrow Documents shall be delivered by Escrowee to Defendants. If for any reason Closing does not so occur and either party gives Notice to Escrowee demanding delivery of the Escrow Documents, Escrowee shall give prompt Notice to the other party of such demand. If Escrowee does not receive Notice of objection from such other party to the proposed delivery of the Escrow Documents within 7 business days after giving of such Notice, Escrowee is hereby authorized and directed to make such delivery. If Escrowee does receive such Notice of objection within such 7 day period or if for any other reason Escrowee in good faith shall elect not to make delivery, Escrowee shall continue to hold the Escrow Documents until otherwise directed by Notice from all the parties to this Agreement or a final, nonappealable judgment, order or decree of a court. However, Escrowee shall have the right at any time to deposit the Escrow Documents with the clerk of the court in which the Lawsuit is now pending and shall give Notice of such deposit to Plaintiff and Defendants. Upon such deposit or other delivery in accordance with the terms of this Agreement, Escrowee shall be relieved and discharged of all further obligations and responsibilities hereunder.

(b) The parties acknowledge that Escrowee is acting solely as a stakeholder at their request and for their convenience and that Escrowee shall not be liable to either party for any act or omission on its part unless taken or suffered in bad faith or in willful disregard of this Agreement or involving gross negligence on the part of Escrowee. Plaintiff and Defendants jointly and severally (with right of contribution) agree to defend (by attorneys selected by Escrowee), indemnify and hold Escrowee harmless from and against all costs, claims and expenses (including reasonable attorneys' fees) incurred in connection with the performance of Escrowee's duties hereunder, except with respect to actions or omissions taken or suffered by Escrowee in bad faith or in willful disregard of this Contract or involving gross negligence on the part of Escrowee.

(c) Escrowee may act or refrain from acting in respect of any matter referred to herein in full reliance upon and with the advice of counsel which may be selected by it (including any member of its firm) and shall be fully protected in so acting or refraining from action upon the advice of such counsel.

(d) Escrowee acknowledges receipt of the Escrow Documents and Escrowee's agreement to hold same in accordance with the terms of this Agreement by signing in the place indicated at the end of this Agreement.

(e) Escrowee or any member of Holland & Knight LLP shall be permitted to act as counsel for Defendant Jill Petrou in any dispute as to the delivery of the Escrow Documents or any other dispute between the parties whether or not Escrowee is in possession of the Escrow Documents or continues to act as Escrowee.

**3.0**   **REPRESENTATIONS AND WARRANTIES.**

**3.1**   Each party to this Agreement or the authorized agent thereof has read this Agreement and understands the terms of this Agreement. Each party to this Agreement

4

has been represented by independent legal counsel, has had the opportunity to receive independent legal advice from his, her or its attorneys with respect to the advisability of executing the settlement provided for herein, with respect to the advisability of executing this Agreement and with respect to compromising the claims embodied in this Agreement. Each party or the duly authorized agent of that party has executed this Agreement knowingly, voluntarily and willingly and with the advice of counsel.

3.2     Each party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as he, she or it deems necessary.

3.3     No party to this Agreement, nor any partnership, partner, joint venturer, officer, director, shareholder, agent, administrator, employee, insurer, lender, representative or attorney of or for any party to this Agreement has made any statement or representation to any other party to this Agreement regarding any facts relied upon in entering into this Agreement. No party to this Agreement has relied upon a statement, representation, or promise of any other party to this Agreement or of any partnership, partner, joint venturer, officer, director, shareholder, agent, administrator, employee, insurer, lender, representative or attorney of or for any other party to this Agreement in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement.

3.4     In entering into and performing the terms of this Agreement, each party to this Agreement assumes the risk of any misrepresentation, concealment, or mistake. If any party to this Agreement should subsequently discover that any fact relied upon in entering into this Agreement was untrue, that any fact was concealed, or that her, his or its understanding of the facts or law was incorrect, such party shall not be entitled to any relief in connection therewith, including, without limitation on the generality of the foregoing, any alleged right or claim to set aside or rescind this Agreement.

3.5     Other than as stated herein, each of the parties to this Agreement represents and agrees that he, she or it has not assigned or transferred, or purported to assign or transfer to any person or entity, any claim or any portion thereof, or interest therein and agrees to indemnify, defend and hold such released entity harmless from and against any and all claims, based on or arising out of any such assignment or transfer, or purported assignment or transfer of any claims or any portion thereof or interest therein.

3.6     Each term of this Agreement is contractual and not merely a recital.

3.7     Each of the parties agrees to perform, in good faith, such acts as are reasonably necessary and required to perform the covenants and satisfy the conditions of this Agreement and each of them will execute all such further and additional documents as shall be reasonably necessary to carry out the provisions of this Agreement.

## 4.0   NOTICES

(a)     Any Notice to be given to Plaintiff hereunder shall be directed to:

5

Howard B. Prossnitz, Esq., 200 West Madison Street, Suite 2670, Chicago, IL 60606

With a copy to:

Roger J. Bernstein, Esq., 233 Broadway, Suite 2701, New York, NY 10279

(b)    Any Notice to be given to JP hereunder shall be directed to:

Sandra Mayerson, Esq., Holland Knight, 195 Broadway, 24th Floor, New York, NY 10007

(c)    Any Notice to be given to AP shall be directed to:

Martha J. Brosius, Esq., Brosius Trask LLP, Suite 2800, 420 Lexington Avenue, Suite 2800, New York, New York 10170.

**5.0    GOVERNING LAW.**

This Agreement shall be governed, interpreted and construed in accordance with the laws of the State of New York.

**6.0    ENTIRE AGREEMENT.**

This Agreement, and the exhibits attached hereto, constitute the entire agreement among the parties, and there are no other agreements or representations, express or implied, written or verbal. This Agreement supersedes all prior representations, negotiations, and agreements which are hereby merged and incorporated into this Agreement. In particular, the parties to this Agreement have not relied upon any statements or representations which are not expressly set forth in this Agreement in making their respective decisions to enter into this Agreement.

**7.0    AMENDMENTS.**

This Agreement may be amended or modified only in a writing signed by all of the parties to this Agreement.

**8.0    HEADINGS.**

The headings within this Agreement are for the purpose of convenience of reference only and shall not limit, modify, expend or otherwise affect any of the terms of this Agreement.

**9.0    SEVERABILITY.**

If any provision of this Agreement is stricken or held to be unenforceable by a Court, Defendants' and Plaintiff's other obligations hereunder shall not be affected and Plaintiff shall be entitled to the settlement consideration and the lien on the Property and to foreclose on the lien and force a sale of the Property if the Property is not sold within the time period provided herein, and Defendants shall be entitled to the releases provided

herein. In no event shall Defendants be required to pay the Settlement Amount without a release and dismissal with prejudice of the Lawsuit.

**10.0   EXECUTION OF THE AGREEMENT.**

This Agreement may be executed in faxed counterparts, with the originals to be mailed within five (5) days thereafter, each of which faxed counterpart shall be deemed an original until delivery of the original, but all of which together shall constitute one and the same instrument.

**11.0   BINDING ON SUCCESSORS.**

This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective agents, employees, representatives, administrators, attorneys, insurers, lenders, shareholders, officers, directors, divisions, affiliates, partnerships, partners, joint venturers, parents, beneficiaries, trustees, subsidiaries, or related corporations, assigns, heirs and successors-in-interest.

**12.0   ATTORNEY'S FEES AND COSTS.**

Each party is responsible for her, his or its own attorney's fees and costs associated with this matter.

**13.0   AUTHORITY TO ENTER AGREEMENT.**

The parties represent that they are authorized to enter into this Agreement and that they have full authority to sign it and to be bound by its terms.

Webpro, Inc.

Solely as to Section 2.8:                    By: _____

Holland & Knight LLP                        Its: _____

By: _Barbra R. Parlin_

_____
Arthur Petrou

_____
Jill Schneider Petrou

So Ordered:

U.S. Magistrate

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

Date: _10/17/07_

7

herein. In no event shall Defendants be required to pay the Settlement Amount without a release and dismissal with prejudice of the Lawsuit.

**10.0 EXECUTION OF THE AGREEMENT.**

This Agreement may be executed in faxed counterparts, with the originals to be mailed within five (5) days thereafter, each of which faxed counterpart shall be deemed an original until delivery of the original, but all of which together shall constitute one and the same instrument.

**11.0 BINDING ON SUCCESSORS.**

This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective agents, employees, representatives, administrators, attorneys, insurers, lenders, shareholders, officers, directors, divisions, affiliates, partnerships, partners, joint venturers, parents, beneficiaries, trustees, subsidiaries, or related corporations, assigns, heirs and successors-in-interest.

**12.0 ATTORNEY'S FEES AND COSTS.**

Each party is responsible for her, his or its own attorney's fees and costs associated with this matter.

**13.0 AUTHORITY TO ENTER AGREEMENT.**

The parties represent that they are authorized to enter into this Agreement and that they have full authority to sign it and to be bound by its terms.

Webpro, Inc.

Solely as to Section 2.8:                        By: _____

Holland & Knight LLP                          Its: _____

By: _____

                                                              Arthur Petrou

                                                              _____
                                                              Jill Schneider Petrou

So Ordered:

_____
U.S. Magistrate

Date: _____

7

herein. In no event shall Defendants be required to pay the Settlement Amount without a release and dismissal with prejudice of the Lawsuit.

**10.0   EXECUTION OF THE AGREEMENT.**

This Agreement may be executed in faxed counterparts, with the originals to be mailed within five (5) days thereafter, each of which faxed counterpart shall be deemed an original until delivery of the original, but all of which together shall constitute one and the same instrument.

**11.0   BINDING ON SUCCESSORS.**

This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective agents, employees, representatives, administrators, attorneys, insurers, lenders, shareholders, officers, directors, divisions, affiliates, partnerships, partners, joint venturers, parents, beneficiaries, trustees, subsidiaries, or related corporations, assigns, heirs and successors-in-interest.

**12.0   ATTORNEY'S FEES AND COSTS.**

Each party is responsible for her, his or its own attorney's fees and costs associated with this matter.

**13.0   AUTHORITY TO ENTER AGREEMENT.**

The parties represent that they are authorized to enter into this Agreement and that they have full authority to sign it and to be bound by its terms.

Webpro, Inc.

Solely as to Section 2.8:          By: _____

Holland & Knight LLP               Its: _____10/15/07_____

By: _____

_____
Arthur Petrou

_____
Jill Schneider Petrou

7

Exhibit A

[DELIBERATELY LEFT BLANK]

Exhibit B

Mutual Releases

**MUTUAL GENERAL RELEASE BY AND BETWEEN
WEBPRO, INC.
AND
JILL SCHNEIDER PETROU**

TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN:

**IN CONSIDERATION** of the compromised settlement of Two Hundred Five Thousand ($205,000.00) DOLLARS and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each of WEBPRO, INC., a corporation duly organized and existing under the laws of the State of Illinois, whose offices are located at 114 Industrial Drive, Gilberts, Illinois, and JILL SCHNEIDER PETROU, residing at 112 East 83rd Street, Apt. 4A, New York, New York, (together, the "Parties" and each a "Party") on behalf of itself and such Party's heirs, administrators, successors, assigns, parents, subsidiaries and affiliates, does hereby release and discharge the other Party, and its respective heirs, administrators, successors, assigns, attorneys, any parent company, subsidiary, affiliate, partner, managing agent, or otherwise, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, known or unknown, in law or in equity, which either of the Parties ever had against each other, or in the future can, shall, or may have against each other, for, upon, or by reason of any matter, cause, or thing whatsoever, from the beginning of the world to the date of delivery to the other party of this Mutual General Release, and including, without limitation, any claims arising from that certain lawsuit styled <u>Webpro, Inc. v. Jill Schneider Petrou and Arthur Petrou</u> pending in the U.S. District Court for the Southern District of New York, Case No. 07 CIV. 4699 (LMM)(AP)

This release may not be changed orally.

WEBPRO, INC.                                 JILL SCHNEIDER PETROU

By: _____             By: _____

NAME: _____                  JILL SCHNEIDER PETROU

TITLE: _____

DATE: _____             DATE: _____

10

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF _____     )

STATE OF NEW YORK      )
                      ) ss
COUNTY OF NEW YORK  )

On this ____ day of October 2007, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the same basis of satisfactory evidence to be the individual whose names is subscribed to the within instrument, and did depose and say that his/her office is located at _____, that he/she is an Officer of WEBPRO, INC. the corporation described in and which executed the foregoing Release; and that he has signed his name to this Release by specific order and authorization and with the full authority of the said corporation.

On this ____ day of October 2007, before me, the undersigned, personally appeared JILL SCHNEIDER PETROU, personally known to me or proved to me on the same basis of satisfactory evidence to be the individual whose names is subscribed to the within instrument, and did depose and say that she resides at 112 East 83rd Street, Apt. 4A, New York, New York executed the foregoing Release; and that she has signed her name to this Release by specific order and authorization.

_____
        Notary Public

_____
        Notary Public

11

# MUTUAL GENERAL RELEASE BY AND BETWEEN
## WEBPRO, INC.
## AND
## ARTHUR PETROU

TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN:

**IN CONSIDERATION** of the compromised settlement of Two Hundred Five Thousand ($205,000.00) DOLLARS and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, each of WEBPRO, INC., a corporation duly organized and existing under the laws of the State of Illinois, whose offices are located at 114 Industrial Drive, Gilberts, Illinois, and ARTHUR PETROU, residing at 112 East 83rd Street, Apt. 4A, New York, New York, (together, the "Parties" and each a "Party") on behalf of itself and such Party's heirs, administrators, successors, assigns, parents, subsidiaries and affiliates, does hereby release and discharge the other Party, and its respective heirs, administrators, successors, and assigns, attorneys, any parent company, subsidiary, affiliate, partner, managing agent, and assigns or otherwise, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, known or unknown, in law or in equity, which either of the Parties ever had against each other, or in the future can, shall, or may have against each other, for, upon, or by reason of any matter, cause, or thing whatsoever, from the beginning of the world to the date of delivery to the other party of this Mutual General Release, and including, without limitation, any claims arising from that certain lawsuit styled <u>Webpro, Inc. v. Jill Schneider Petrou and Arthur Petrou</u> pending in the U.S. District Court for the Southern District of New York, Case No. 07 CIV.4699 (LMM)(AP)

This release may not be changed orally.

WEBPRO, INC.

By: _____

NAME: _____

TITLE: _____

DATE: _____

ARTHUR PETROU

By: _____

    ARTHUR PETROU

DATE: _____

12

STATE OF _____ )
                           ) ss:
COUNTY OF _____ )

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NEW YORK  )

On this ____ day of October 2007, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the same basis of satisfactory evidence to be the individual whose names is subscribed to the within instrument, and did depose and say that his/her office is located at _____, that he/she is an Officer of WEBPRO, INC. the corporation described in and which executed the foregoing Release; and that he has signed his name to this Release by specific order and authorization and with the full authority of the said corporation.

On this ____ day of October 2007, before me, the undersigned, personally appeared ARTHUR PETROU, personally known to me or proved to me on the same basis of satisfactory evidence to be the individual whose names is subscribed to the within instrument, and did depose and say that she resides at 112 East 83rd Street, Apt. 4A, New York, New York executed the foregoing Release; and that she has signed her name to this Release by specific order and authorization.

_____
Notary Public

_____
Notary Public

13

Exhibit C

Stipulation of Discontinuance With Prejudice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEBPRO, INC. | x<br>:<br>: |
| Plaintiff, | :<br>: |
| - against - | :   07 Civ. 4699 (LMM) (JP)<br>:<br>:   STIPULATION OF<br>:   <u>DISCONTINUANCE</u> |
| JILL SCHNEIDER PETROU and<br>ARTHUR PETROU, | :<br>: |
| Defendants. | :<br>x |

IT IS HEREBY AGREED, by the undersigned, the attorneys of record for Plaintiff and Defendants, in the above-entitled action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed, or conservatee and no person not a party has an interest in the subject matter of the action, the above entitled action be, and the same hereby is voluntarily discontinued, including any and all counterclaims, with prejudice without costs to any party as against the other. This discontinuance may be filed without further notice with the Clerk of the Court.

Dated  New York, New York
      October 3, 2007

<table>
<tr>
<td>

_____
Roger J. Bernstein, Esq.  (RB 9501)
Attorneys for Plaintiff
WEBPRO INC.
331 Madison Avenue, 15th Floor
New York, New York 10017
(212) 338-9188

</td>
<td>

Sandra E. Mayerson, Esq.
HOLLAND & KNIGHT
Attorneys for Defendant
Jill Schneider Petrou
195 Broadway, 24th Floor
New York, New York 10007
(212) 513-3250

</td>
</tr>
<tr>
<td>

   *And*

Law Offices of Howard Prossnitz
200 West Madison Street, Suite 2670
Chicago, IL 60606
(312) 960-1800

</td>
<td>

_____
Martha J. Brosius, Esq. (MB 3693)
BROSIUS TRASK LLP
Attorneys for Defendant
Arthur Petrou
420 Lexington Avenue
New York, New York 10170
(212) 661-0065

</td>
</tr>
</table>

15

Exhibit D

Limited Power of Attorney to Howard Prossnitz

# DURABLE GENERAL POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

### *THE POWERS YOU GRANT BELOW CONTINUE TO BE EFFECTIVE SHOULD YOU BECOME DISABLED OR INCOMPETENT*

**Caution: This is an important document. It gives the person whom you designate (your "Agent") broad powers to handle your property during your lifetime, which may include powers to mortgage, sell, or otherwise dispose of any real or personal property without advance notice to you or approval by you. These powers will continue to exist even after you become disabled or incompetent. These powers are explained more fully in New York General Obligations Law, Article 5, Title 15, Sections 5-1502A through 5-1503, which expressly permit the use of any other or different form of power of attorney.**

**This document does not authorize anyone to make medical or other health care decisions. You may execute a health care proxy to do this.**

**If there is anything about this form that you do not understand, you should ask a lawyer to explain it to you.**

THIS is intended to constitute a DURABLE GENERAL POWER OF ATTORNEY pursuant to Article 5, Title 15 of the New York General Obligations Law:

*I,* Jill Schneider Petrou, residing at 112 East 83rd Street, Apt. 4A, New York, New York 10028 do hereby appoint:

**HOWARD PROSSNITZ,** with offices for the conduct of business at Howard B. Prossnitz, Esq., 200 West Madison Street, Suite 2670, Chicago, IL 60606 my attorney-in-fact;

TO ACT IN MY NAME, PLACE AND STEAD in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in Title 15 of Article 5 of the New York General Obligations Law to the extent that I am permitted by law to act through an agent:

(**DIRECTIONS:** Initial in the blank space to the left of your choice any one or more of the following lettered subdivisions as to which you **WANT** to give your agent authority. If the blank space to the left of any particular lettered subdivision is **NOT** initialed, **NO AUTHORITY WILL BE GRANTED** for matters that are included in that subdivision. Alternately, the letter corresponding to each power you wish to grant may be written or typed on the blank line in subdivision "(Q)", and you may then put your initials in the blank space to the left of subdivision "(Q)" in order to grant each of the powers so indicated.)



[          ] (A)    real estate transactions;

[     ] (B)    chattel and goods transactions;

[     ] (C)    bond,    share    and    commodity transactions;

[     ] (D)    banking transactions;

[———] (E)    ~~business operating transactions;~~

[     ] (F)    insurance transactions;

[     ] (G)    estate transactions;

[     ] (H)    claims and litigation;

[———] (I)    ~~personal relationships and affairs;~~

[———] (J)    ~~benefits from military service;~~

[     ] (K)    records, reports and statements;

[———] (L)    ~~retirement benefit transactions;~~

[———] (M)    ~~making gifts to my spouse, children and more remote descendants, and parents, not to exceed in the aggregate $10,000 to each of such persons in any year;~~

[     ] (N)    tax matters;

[———] (O)    ~~all other matters;~~

[          ] (P)    full and unqualified authority to my attorney(s)-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorney(s)-in-fact shall select;

[          ] (Q)    **each of the above matters identified by the following letters: A, B, C, D, F, G, H, K, N, P,** *only as they pertain to the sale of cooperative apartment unit 4A, 112 East 83rd Street, New York, New York 10028 and payment for the security interest thereon and not for any other purpose whatsoever.*

*(Special provisions and limitations may be included in the statutory short form durable power of attorney only if they conform to the requirements of section 5-1503 of the New York General Obligations Law)*

18

This DURABLE GENERAL POWER OF ATTORNEY shall not be affected by my subsequent disability or incompetence. If every agent named above is unable or unwilling to serve, I appoint

N/A

To induce any third party to act hereunder, I hereby agree that any third party receiving a duly executed copy or facsimile of this instrument may act hereunder, and that revocation or termination hereof shall be ineffective as to such third party unless and until actual notice or knowledge of such revocation or termination shall have been received by such third party, and I for myself and for my heirs, executors, legal representatives and assigns, hereby agree to indemnify and hold harmless any such third party from and against any and all claims that may arise against such third party by reason of such third party having relied on the provisions of this instrument.

This DURABLE GENERAL POWER OF ATTORNEY may not be revoked by me at any time that a debt of mine to WebPro, Inc., of $205,000, or any part thereof is outstanding; otherwise, it may be revoked at will.

**In Witness Whereof,** I have hereunto signed my name this 17th day of October 2007

(YOU SIGN HERE:) _____

*(Signature of Principal)*

## NEW YORK UNIFORM ACKNOWLEDGMENTS

STATE OF NEW YORK, COUNTY OF NEW YORK   ss.:

On October 17, 2007, before me, the undersigned, a Notary Public in and for said State, personally **Jill Schneider Petrou** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

*(signature and office of person taking acknowledgment)*

19

## AFFIDAVIT THAT POWER OF ATTORNEY IS IN FULL FORCE
*(Sign before a notary public)*

STATE OF NEW YORK, COUNTY OF _____    ss.:

**HOWARD PROSSNITZ**, being duly sworn, deposes and says:

1.  The Principal within did, in writing, appoint me as the Principal's true and lawful ATTORNEY(S)-IN-FACT in the within Power of Attorney.
2.  I have no actual knowledge or actual notice of revocation or termination of the Power of Attorney by death or otherwise, or knowledge of any facts indicating the same. I further represent that the Principal is alive, has not revoked or repudiated the Power of Attorney and the Power of Attorney still is in full force and effect.
3.  I make this affidavit for the purpose of inducing _____ to accept delivery of the following Instruments(s), as executed by me in my capacity as the ATTORNEY(S)-IN-FACT, with full knowledge that this affidavit will be relied upon in accepting the execution and delivery of the Instrument(s) and in paying good and valuable consideration therefor:


Sworn to before me on

Exhibit E
UCC-1

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Howard Prossnitz, Esq. 312-960-1800

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

> Law Offices of Howard Prossnitz
>
> 200 West Madison Street, Suite 2670
>
> Chicago, IL 60606

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| SCHNEIDER | JILL | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 112 East 83rd Street, Apt. 4A | New York | NY | 10028 | US |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| WEBPRO, INC. | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 114 Industrial Drive | Gilberts | IL | 60194 | US |

4. This FINANCING STATEMENT covers the following collateral:

Cooperative Proprietary Lease
and 835 shares of Stock issued by
112 East 83rd Tenant's Corp.
allocated to Apt. 4A in the building
located at 112 East 83rd Street
New York, New York 10028

otherwise known as:
Borough: Manhattan
Block: 1511
Lot: 65

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 | |

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

22

Exhibit F

UCC Termination Statement

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Sandra E. Meyerson, Esq. (212) 513-3250

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

HOLLAND & KNIGHT LLP
195 Broadway, 24th Floor
New York, New York 10007
Atten: Sandra E. Meyerson, Esq.

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☒ REAL ESTATE RECORDS.

2. ☒ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☒ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address. Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☒ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7b and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| SCHNEIDER | JILL | | |

7. CHANGED (NEW) OR ADDED INFORMATION

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. TAX ID # SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☒ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

Cooperative Proprietary Lease
amd 835 shares of Stock issued by
112 East 83rd Tenant's Corp.
allocated to Apt. 4A in the building
located at 112 East 83rd Street
New York, New York, 10028
Block: 1511
Lot: 65

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☒ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| WEBPRO, INC. | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

24

Exhibit G
Stock Power

C 229 – Assignment Separate from Certificate

Julius Blumberg, Inc., Law Blank Publishers

# STOCK POWER

FOR VALUE RECEIVED,  Dr. Jill Schneider Petrou _____

PLEASE INSERT SOCIAL SECURITY OR OTHER<br>IDENTIFYING NUMBER OF ASSIGNEE

*hereby sell, assign  and transfer unto*_____  _____    _____

_____

_____

*(835) Shares of the fully paid and non-assessable Capital Stock of 112 East 83rd Tenants' Corp.,*

*standing in my name on the books of said Corporation represented by Certificate(s) No(s).*

*_____ herewith, and do hereby irrevocably constitute and appoint*

*[_____] attorney to transfer the said stock on the books of said Corporation with*

*full power of substitution in the premises.*

*Dated October 17, 2008*

_____

*In presence of*

_____

26

Exhibit H
Assignment and Acceptance of Proprietary Lease



396 - Assignment of Proprietary Lease. 11-96

Blumberg Excelsior, Publisher, NYC 10013
www.blumberg.com

# 𝕶𝖓𝖔𝖜 𝕿𝖍𝖆𝖙

Assignor,

in consideration of the sum of

($                        ) dollars,

paid by

Assignee,

and for other good and valuable consideration, does hereby assign unto the Assignee a certain proprietary lease dated

by and between

Lessor, and

Lessee,

covering apartment            in the building known as

## 𝕿𝖔 𝕳𝖆𝖛𝖊 𝖆𝖓𝖉 𝕿𝖔 𝕳𝖔𝖑𝖉 the same unto the Assignee and Assignee's personal representatives and

assigns, on and after                                    the effective date, for the balance of the term of the proprietary

lease, and any renewals or extensions thereof, and subject to the covenants, conditions and limitations therein contained.

In order to induce the Lessor to consent to this assignment and Assignee to accept this assignment, the Assignor

represents to Lessor and Assignee that:

a) Assignor has full right, title and authority to assign the shares and the proprietary lease appurtenant thereto,

b) Assignor has fully performed all the terms, covenants and conditions of the proprietary lease on Assignor's

part to be performed to the effective date hereof,

c) Assignor has not done or suffered anything to be done which might impose any liability on the Lessor or

Assignee, and

d) There are no claims, security interests or liens against the proprietary lease, or the shares in the Lessor

corporation allocated to the apartment to which the proprietary lease is appurtenant, or to any fixtures and/or personal

property installed by Assignor in the apartment.

The covenants and representations herein shall survive the delivery hereof, but any action based thereon must be instituted within one year from the effective date of this assignment.

Whenever the text hereof requires, the singular number as used herein shall include the plural and all genders.

IN WITNESS WHEREOF, the Assignor has executed this assignment on

................................................................................................................ L. S.

................................................................................................................ L. S.

| ACKNOWLEDGMENT IN NEW YORK STATE (RPL 309-a) | ACKNOWLEDGMENT OUTSIDE NEW YORK STATE (RPL 909-b) |
|---|---|
| State of New York ⎫ ss.: | State of ⎫ ss.: |
| County of ⎭ | County of ⎭ |
| On                    before me, the undersigned, personally appeared | On                    before me, the undersigned, personally appeared |
| personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument. | personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument. |
| _____ *(signature and office of individual taking acknowledgment)* | _____ *(signature and office of individual taking acknowledgment)* |

Assignor

TO

Assignee

# ASSIGNMENT OF
# PROPRIETARY LEASE

Apartment:

Address:

Lessor:

Address:

Date of Assignment:

Exhibit H

T 39 f—Assignment of assignment and assumption
of proprietary lease : Cooperative apartment.

COPYRIGHT 1978 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

## Know That

the undersigned, Assignee named in a certain instrument of assignment dated                                    19
executed by

                                                                                                Assignor therein,
in order to induce                                                        Lessor therein and owner of the
building at

to consent to the aforementioned assignment of a proprietary lease of apartment            in said building and the shares of
the Lessor to which said proprietary lease is appurtenant and in consideration of such assignment and the consent of
the Lessor thereto, the undersigned HEREBY ASSUMES AND AGREES TO PERFORM AND COMPLY with all
the terms, covenants and conditions of the proprietary lease to be performed or complied with by Lessee on and after
                          19        the effective date of the assignment, as if the undersigned had originally executed
the proprietary lease as Lessee, and further agrees that at the request of the Lessor, the undersigned will surrender the
assigned proprietary lease to the Lessor and enter into a new proprietary lease of said apartment for the remainder of
the term thereof, in the same form and on the same terms, covenants and conditions as the assigned proprietary lease.

Whenever the text hereof requires, the singular number as used herein shall include the plural and all genders.

## In Witness Whereof, Assignee has duly executed this acceptance and assumption instrument
on            19

                                                                                                          L. S.

                                                                                                          L. S.

# 4862082_v1

29